432

ANA LIDIA (known as ANA DILIA) GUTIÉRREZ ROSA and INÉS MARÍA (known as INÉS) GUTIÉRREZ ROSA, the latter assisted by her father ROSENDO GUTIÉRREZ FIGUEROA, Plaintiffs and Appellants, *v.* FÉLIX MAURO GINORIO IGARTÚA, Defendant and Appellee.

No. 8210. Argued April 2, 1941.—Decided April 4, 1941.

*Isaías M. Crespo,* for appellants. *Luis Mercader,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The judgment from which this appeal was taken was rendered upon a demurrer of lack of facts sufficient to constitute a cause of action. In order to determine the sufficiency of said complaint, we must set forth its essential al-

legations, which may be summarized as follows: The plaintiffs bought a house and lot in Arecibo for the sum of $1,500, but as the property was burdened by two mortgages, the first for the amount of $1,200 which had been reduced to $400 at the time of the purchase, and the second as security for a note payable to bearer for the sum of $1,000, the plaintiffs only had to pay $100, since they assumed the burden of paying these two credits. The defendant Félix Mauro Ginorio was the owner of the first mortgage and holder of the note payable to bearer guaranteed by the second. The plaintiffs paid in separate installments the $400 of the first mortgage, but the corresponding deed of cancellation was not executed, and things being in that status, the house, which was insured against fire, the policy being payable to the mortgagee, Mr. Ginorio, was destroyed by fire. As Mr. Ginorio did not undertake to collect the policy, the plaintiffs entrusted this work to Attorney Isaías Crespo, and the latter was successful in persuading the company to pay Mr. Ginorio the amount of $1,000 in which the damage suffered was calculated.

In spite of the fact that he had been paid all his credits, the creditor failed to execute the corresponding deed of cancellation, thereby forcing the plaintiffs to bring an action against him for that purpose, which action was settled in their favor. This action for damages was then filed in the Municipal Court of Arecibo, the damages consisting, according to the complaint, in the $100 which the plaintiffs had to pay to Mr. Isaías Crespo for the above mentioned services and in that due to the delay in executing the deed of cancellation and "because the lot appeared to be burdened by the original mortgage of $1,000 of Mr. Ginorio and the mortgage of $1,000 of the note to bearer, the plaintiffs were prevented from selling the lot to other persons who offered to buy it as a result of which plaintiffs suffered damages *which are relatively unappreciable,* but which reasonably amount to the

sum of $300, a sum which the defendant refuses to pay in spite of all the attempts to collect made by the plaintiffs''.

They further allege that they sold the lot to Pablo Pérez for $800 and the complaint ends with the prayer that judgment be rendered against the defendant condemning him to pay the plaintiffs the amount of $400 for the above mentioned items, plus the costs and expenses of the suit.

██ The lower court committed manifest error in admitting in evidence, with the approval of the parties, certain documents in support of the demurrer. It is elementary that a demurrer admits all the facts correctly alleged in the complaint, a question of law then arising which consists in determining whether a cause of action arises from the face of the same, for which reason it is improper to admit evidence in order to determine the sufficiency of a complaint. After the question had been submitted in the above mentioned manner, the lower court granted the demurrer and dismissed the complaint, condemning the plaintiffs to pay the costs.

██ If the only two items of damages claimed in the complaint cannot be the object of recovery, either because of their character or because of the manner in which they have been pleaded, then the insufficiency of the complaint is evident.

██ Let us consider in the first place the first item, amounting to $100. The policy, payable to Mr. Ginorio because of his interest as the holder of the mortgage over the property, is but an additional guaranty which his debtors gave him. It does not appear from the face of the complaint whether it was the duty of Mr. Ginorio, in case of a fire, to collect the policy at his expense. As this does not appear, the debtors were the ones who had to take steps at their expense to collect the policy, and once the above mentioned sum had been placed at the disposal of the creditor, if the same was sufficient to cover the total payment of the deed and the creditor refused to receive it, in such case the plain-

tiffs could deposit this amount in the competent court and after the legal requisites had been complied with, obtain the extinction of the obligation. What we have set out above leads us to the conclusion that the item of $100 cannot be the object of recovery by the plaintiffs.

Let us now consider the item of $300 for damages which plaintiffs suffered when they where prevented from completing a sale prior to the one which they effected for $800.

We have copied the ninth paragraph of the complaint in which this item of damages is alleged. The price which the plaintiffs would have received if they had sold the lot on that occasion does not appear from any of the paragraphs of the complaint. The only fact that does appear is that they sold the lot for $800. It is clear that if they could have sold the lot on the first occasion for more than $800, the difference between the two sums would constitute the damages suffered because of this circumstance; but if on the contrary, when they sold the lot for $800 they received more than they were offered on the first occasion, evidently the delay of the defendant in executing the deed of cancellation—assuming that the delay was unjustified—would have benefited them instead of causing them damage.

The allegation that *"the plaintiffs have suffered damages which are relatively unappreciable but which reasonably amount to the sum of $300"*, without setting forth the facts upon which this conclusion rests, does not cure the defect of the complaint, since as this constitutes a mere legal conclusion its truth cannot be considered admitted by the demurrer, which only admits as true the facts well pleaded in the complaint. *Méndez* v. *Serracante,* 53 P.R.R. 807.

As the evidence to which we have referred was admitted with the consent of both parties and as said error did not affect appellants adversely, since the complaint, as it appears from its face, is clearly insufficient to constitute a cause of action, the judgment appealed from must be affirmed.